```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ZOETIS, INC.,                            :
                                         :
                         Plaintiff,      :
                                         :    21cv8319 (DLC)
            -v-                          :
                                         :    MEMORANDUM OPINION
BOEHRINGER INGELHEIM VETMEDICA, GMBH,    :         AND ORDER
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Keith A. Jones
Philip Laurence Hirschhorn
Panitch Schwarze Belisario & Nadel LLP
Two Commerce Square
2001 Market Street
Suite 2800
Philadelphia, PA 19103

For defendant:
Martin Brandon Jackson
Sidley Austin LLP (NY)
787 Seventh Avenue
New York, NY 10019

DENISE COTE, District Judge:

Defendant Boehringer Ingelheim Vetmedica, GmbH ("BIV") has brought this motion to amend its answer to assert a counterclaim against plaintiff Zoetis, Inc. ("Zoetis") for breach of contract. For the following reasons, the motion is denied.

This case arises out of a license agreement (the "License Agreement") between Zoetis and BIV for patents covering certain

animal vaccines.  Zoetis filed this action before the Honorable Vernon S. Broderick on October 8, 2021, alleging that BIV had made improper deductions from the royalty payments that it owed Zoetis under the License Agreement.  On May 3, 2022, Judge Broderick issued a Case Management Plan and Scheduling Order, stating that, "[e]xcept as provided by Rule 15 . . .  no additional causes of action or defense may be asserted after 30 days from the entry of this order."  The case was assigned to this Court on August 17.

On September 20, BIV filed a motion to amend its answer to add a counterclaim for breach of the Licensing Agreement, alleging that Zoetis has failed to pay royalties under the Licensing Agreement since June of 2020.  On September 22, BIV then filed a letter motion to compel the plaintiff's production of discovery related to this alleged breach.  A conference regarding these motions was held telephonically on September 29.  Zoetis opposed the motion to amend on October 14.  The motion to amend became fully submitted on October 21.

Once the period to amend a pleading as of right has passed, a party may only amend a pleading with "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Normally, "[t]he court should freely give leave when justice so requires."  Id.  Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue

2

delay, or undue prejudice to the opposing party." Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted).

Additionally, when a scheduling order provides a deadline by which amendments must be made, leave to amend is subject to the requirement of Rule 16 that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, "[w]here . . . a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." BPP Ill., LLC v. Royal Bank of Scotland Group PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (citation omitted).

Because BIV's motion comes months after the pleadings closed on June 2, its motion is subject to Rule 16(b)(4)'s "good cause" standard. BIV contends otherwise, emphasizing that the May 3 Scheduling Order's deadline applies only "[e]xcept as provided by Rule 15," and arguing that the more lenient standard under Rule 15 should apply to its motion. But it makes little sense to read the Scheduling Order to permit amendment subject to Rule 15(a)(2)'s standard, which would have applied without

any order at all.  Instead, the Scheduling Order's qualification is clearly intended only to ensure that it does not deny a party the opportunity to amend as a matter of course under Rule 15(a)(1), Fed. R. Civ. P.  Regardless, as explained below, BIV's motion would have to be denied under either Rule 15 or Rule 16.

BIV has not shown good cause why the scheduling order should be modified.  BIV claims that it learned only on June 30, 2022, of facts suggesting that Zoetis may have breached its obligations under the License Agreement.  But BIV does not explain what facts those were, or how they were discovered. Without such an explanation, BIV cannot meet its burden to show that it diligently pursued the issue.  Nor is it plausible that BIV would have only just discovered in June of 2022 that Zoetis had ceased making royalty payments two years after those payments stopped.  In its opposition to BIV's motion, Zoetis provided emails showing that BIV had raised the issue with Zoetis in January of 2021, and that Zoetis responded to BIV's email in February of that year.  BIV has therefore failed to exercise the "diligence" necessary for a showing of good cause. Id.

Even under Rule 15's more lenient standard, leave to amend would not be warranted.  Under Rule 15, a district court "plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation

is made for the delay, and the amendment would prejudice the [other party]." MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998) (citation omitted).  Here, BIV seeks to amend its answer over six months after the answer was filed, in order to add a counterclaim of which it should have been aware almost two years ago.  BIV's conclusory explanation for this delay does not justify amendment, even under the more lenient standard of Rule 15.

Finally, any further delay would significantly prejudice Zoetis.  Document discovery in this case is already well underway, primarily waiting only on the discovery that BIV has requested regarding Zoetis's performance under the License Agreement.  The parties are currently briefing a summary judgment motion, addressing a question of interpretation under the License Agreement that the parties represented at a September 29 conference would substantially resolve their dispute with respect to Zoetis's claims.

BIV nevertheless argues that amendment would not prejudice Zoetis or delay discovery, because it regardless seeks discovery about Zoetis's performance under the contract.  Even assuming, however, that discovery regarding Zoetis's performance is relevant absent amendment, a counterclaim for breach of contract would require far more discovery.  For example, BIV would be subject to discovery regarding its damages, and about its own

performance under the contract to the extent that performance is relevant to Zoetis's alleged breach. Because BIV seeks to allege that Zoetis failed to pay royalties on a "country-by-country and product-by-product basis," this discovery could require far more detail than would otherwise be necessary without such a claim.

This action was filed over a year ago. Conditioning the resolution of this action on the litigation of a new contract claim would cause significant delay and prejudice, and BIV has not provided an explanation for its failure to assert its counterclaim until now. Leave to amend is therefore denied.

## Conclusion

BIV's September 20, 2022 motion to amend is denied.

Dated:   New York, New York
         November 8, 2022

_____
DENISE COTE
United States District Judge