

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 6726
MJACKSON@SIDLEY.COM

December 15, 2022

*Granted.*
*Denise Cote*
*12/16/22*

**VIA ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *Zoetis, Inc. v. Boehringer Ingelheim Vetmedica, GmbH*, No. 21-cv-8319 (DLC): Renewed Letter Motion to Seal Exhibit A in part and Exhibits B and C in full, in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.

Dear Judge Cote:

   We write on behalf of Defendant Boehringer Ingelheim Vetmedica, GmbH ("BIV") in the above-referenced matter. Pursuant to Rule 8(B) of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), the Stipulated Confidentiality Agreement and Protective Order (ECF No. 25), and this Court's Order regarding proposed redactions (ECF No 66), Defendant respectfully submits this Letter Motion to Seal. Defendant specifically re-submits Exhibit A with partial redactions, and Exhibits B and C fully redacted.

   Exhibits A, B and C were produced to Plaintiff for the purposes of discovery, pursuant to the Stipulated Confidentiality Agreement and Protective Order (ECF No. 25).

   Exhibit A is marked as "CONFIDENTIAL" because it contains information that is proprietary, a trade secret or otherwise sensitive non-public information. Exhibit A is a License Agreement between Defendant and Merial, an entity that was subsequently acquired by Defendant. Defendant proposes specific limited redactions in order to remove information on payments, royalties and financial information under Article 4. Disclosure of this information would provide insights into Defendant's current business practices that a competitor may seek to exploit – *i.e.* a competitor would seek to implement similar payment agreements to the detriment of Defendant. The limited redactions Defendant proposes for sensitive and strategic business information are proper and supported by precedent in this Court. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning redactions "limited to specific business information and strategies, which, if revealed, may provide

1

# SIDLEY

valuable insights into a company's current business practices that a competitor would seek to exploit").

In addition, Defendant proposes limited redactions of personal contact information and notice addresses and phone numbers appearing in Exhibit A to protect confidential contact information that is not in the public domain. *See e.g. In re Am. Realty Cap. Properties, Inc. Litig.*, No. 15 CIV. 307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting motion to seal personal identifying information); *see also Palomo v. DeMaio*, No. 515 Civ. 1536 (LEK), 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (ordering redaction of "personal identifying information, email addresses, mailing addresses, and phone numbers not already public").

Defendant has redacted Exhibits B and C, which are marked as "HIGHLY CONFIDENTIAL," in their entirety because they contain information that would implicate the privacy rights of non-Parties. Exhibit B is a License Agreement between entities that are not parties to the litigation. Exhibit C is similarly a Settlement Agreement between entities that are not parties to the litigation, and contains a specific confidentiality clause mandating that the terms of the Settlement Agreement not be disclosed to any other person. Sealing third-party agreements containing sensitive business information with strict confidentiality clauses comports with well-established precedent in this Court. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential information, including information regarding settlements with third parties); *see also T-Jat Sys. 2006 Ltd. v. Amdocs Software Sys. Ltd.*, No. 13-CV-5356 JMF, 2015 WL 394075, at *6 (S.D.N.Y. Jan. 29, 2015) (granting motion to seal a third-party agreement).

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Seal.

Respectfully submitted,

*/s/ Martin B. Jackson*

Martin B. Jackson
Benjamin R. Nagin
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
mjackson@sidley.com
bnagin@sidley.com
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Defendant
Boehringer Ingelheim
Vetmedica, GmbH*

2